**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristi Lee Durschmidt,        )<br>                                              )<br>            Plaintiff,           )<br>                                              )<br>vs.                                        )<br>                                              )<br>United States of America, et al.,  )<br>                                              )<br>            Defendant.        )<br>_____) | No. CV-10-1822-PHX-FJM<br><br>**ORDER** |

The court has before it Omniflight Helicopters, Inc.'s motion to dismiss (doc. 14), plaintiff's response and "motion to bar/stay the motion to dismiss" (docs. 50, 51), Omniflight's response to the motion to bar/stay (doc. 55) and reply or alternatively motion to quash (doc. 56). We also have before us a motion to dismiss by Scott Smith, Mayor of the City of Mesa, and Frank Milstead, Mesa Chief of Police (doc. 40), and by The Boeing Company (doc. 42). No responses to these motions to dismiss have been filed and the time for doing so has expired.

Defendants Omniflight and Boeing move to dismiss the amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim. Plaintiff alleges that she has been tortured, assaulted, and harassed by the federal government and others. She names as defendants the FBI, CIA, EPA, FAA, Department of Homeland Security, Department of Defense, Department of Justice, the cities of Chandler and Mesa, Armstrong Laboratories,

1  Omniflight Helicopters, and Boeing.

2  　　　To survive a motion to dismiss, a complaint must contain sufficient facts, which
3  accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v.
4  Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads
5  factual content that allows the court to draw the reasonable inference that the defendant is
6  liable for the misconduct alleged. Id. at 556. Determining whether a complaint states a
7  plausible claim for relief is a context-specific task that requires the court to draw on its
8  judicial experience and common sense. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

9  　　　Plaintiff makes no specific factual allegation against Omniflight. There are only two
10 references to Boeing, both alleging only that it is "possibly" a contractor of the federal
11 government. Amended Complaint at 2, 3. Instead, she generally alleges that unspecified
12 defendants "air assaulted" her by using radiation or other biological warfare with "low flying
13 air crafts directly and repeatedly over [her] house," and "inflicted torture and other abuses"
14 24 hours a day, 7 days a week for the last 7 years. Amended Complaint at 2. Plaintiff can
15 make no rational or plausible argument in law or fact to support the claims raised in her
16 amended complaint. Omniflight and Boeing's motions to dismiss are granted (docs. 14, 42).
17 Plaintiff's motion to bar/stay Omniflight's motion to dismiss, which is better characterized
18 as a response to the motion to dismiss, is denied (doc. 51).

19 　　　Defendants Scott Smith and Frank Milstead move to dismiss plaintiff's amended
20 complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). When a
21 defendant challenges the sufficiency of service, the plaintiff bears the burden of
22 demonstrating that proper service was made. Brockmeyer v. May, 383 F.3d 798, 801 (9th
23 Cir. 2004). Plaintiff has not responded to this motion, which itself is reason to grant the
24 motion to dismiss. See LRCiv 7.2(i). Defendants argue that, pursuant to Rule 4(e), Fed. R.
25 Civ. P., plaintiff was required to serve them personally. Instead, plaintiff mailed certified
26 letters. See docs. 21 and 32. This is not sufficient service under Rule 4(e). Accordingly,
27 defendants Smith and Milstead's motion to dismiss is granted (doc. 40).

28 　　　**IT IS ORDERED GRANTING** Omniflight's motion to dismiss (doc. 14),

1  **GRANTING** Smith and Milstead's motion to dismiss (doc. 40), and **GRANTING** Boeing's
2  motion to dismiss (doc. 42).
3      **IT IS FURTHER ORDERED DENYING** plaintiff's motion to bar/stay the motion
4  to dismiss (doc. 51).
5      **IT IS FURTHER ORDERED DENYING** Omniflight's motion to quash as moot
6  (doc. 56).
7      DATED this 7th day of December, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge