**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kristi Lee Durschmidt, | ) | No. CV-10-1822-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| United States of America, et al., | ) | |
| Defendants. | ) | |

The court has before it the United States' motion to dismiss all claims against the government and its agencies for lack of subject matter jurisdiction (doc. 61), plaintiff's responses (docs. 62, 63), and the United States' reply (doc. 65).

Plaintiff alleges in her amended complaint that she has been "tortured, assaulted, harassed, surveillance [sic] and [her] character severely damaged, and [her] privacy invaded on a 24/7 minute by minute based [sic] since 1/23/04" by various agencies of the federal government, as well as private helicopter and airplane companies. Amended Complaint at 6. She claims that defendants have inflicted an "air assault" on her by flying over her house, revving their engines and taking nose dives over her house whenever "[she] or [her] cats get around any door." Id. at 8. She claims that undercover government agents pose as neighbors and spy on her, harass her and "stand[ ] on their curbs, shining their bright double flood lights on [her]." Id. at 3. She alleges that the government may have "chips implanted in [her] [that

she] can't detect." Id. at 5. She asserts nondescript federal claims of "constitutional violations," "war crimes," and "Federal Civil Tort claims."

The United States moves to dismiss for lack of subject matter jurisdiction based on the substantiality doctrine. Under that doctrine, a federal court lacks jurisdiction over claims that are so unsubstantial that they are devoid of merit or obviously frivolous. Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1378-79 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (internal quotations omitted). The test is whether the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Oneida Indian Nation v. Oneida County, 414 U.S. 661, 666, 94 S. Ct. 772, 777 (1974). We agree that the allegations in the complaint are wholly insubstantial and implausible. See, e.g., Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994) (claims are patently insubstantial if they are basically fictitious; for example, claims of bizarre conspiracy theories, fantastic government manipulations of the plaintiff's mind or will).

Therefore, **IT IS ORDERED GRANTING** the United States' motion to dismiss for lack of subject matter jurisdiction (doc. 61).

Further, we dismiss this case as to all other defendants, regardless of whether they have been served or moved to dismiss, because each is in a position similar to that of the moving defendant and the legal result as to all defendants would be the same. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 743 (9th Cir. 2008) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants."). Two of the named defendants, Armstrong Laboratories and Native American Air Ambulance, have not moved to dismiss or otherwise appeared. The record indicates that plaintiff has never served Armstrong Laboratories and made defective service on Native American. The City of Chandler's mayor and chief of police have answered the complaint but have not yet moved to dismiss. Nevertheless, because we conclude that all claims raised in the complaint against

all defendants are wholly insubstantial and implausible, we dismiss the complaint as against the nonmoving defendants as well.

Plaintiff has already amended her complaint as a matter of right pursuant to Rule 15(a), Fed. R. Civ. P. (doc. 11).  We conclude that the amended complaint cannot be cured by the allegation of additional facts, therefore any additional amendment would be futile. Accordingly, plaintiff's amended complaint is dismissed with prejudice as to all defendants. The clerk shall enter final judgment.

We again urge plaintiff to seek the advice of a lawyer.  Lawyers are trained to evaluate facts and identify possible solutions to a client's concerns.

DATED this 18th day of January, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge